UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


United States of America,                                     Case No. 3:18-cr-186

          Plaintiff,

     v.                                                            MEMORANDUM OPINION
                                              AND ORDER

Sultane Salim,

          Defendant.

## I.    INTRODUCTION AND BACKGROUND

Defendant Sultane Salim, an inmate at FCI Cumberland in Cumberland, Maryland, seeks an order reducing his sentence to time served and providing for his immediate release from custody, or, in the alternative, placing him on home confinement for the remainder of his custodial term.  (Doc. No. 75).  The government filed a brief in response.  (Doc. No. 78).

On September 30, 2015, Salim and three co-defendants were charged by indictment with conspiring to provide and conceal material support for terrorism in violation of 18 U.S.C. § 2339A. Salim also was charged with providing material support to terrorists in violation of § 2339A and conspiracy to obstruct justice in violation of 18 U.S.C. § 1512(k).

Salim eventually agreed to plead guilty to one count of concealing the financing of terrorism in violation of 18 U.S.C. § 2339C(c)(2)(B); the government agreed to charge Salim by information and to dismiss the three indicted charges at sentencing.  I accepted Salim's guilty plea and subsequently sentenced him to 60 months in prison and a 15-year term of supervised release.  (Doc. No. 51).  Salim did not appeal.

Salim now seeks an order releasing him from custody.  He alleges he is at a higher risk of serious complications from Covid-19 due to diminished lung function and his ethnicity.  (Doc. No. 75 at 1-2).  He contends the medical care available to him at FCI Cumberland is substandard and that his conduct while on bond prior to sentencing and since he has been incarcerated demonstrate he does not pose a risk to the public if he is release.  (*Id.* at 6-9, 13-18).  Further, Salim also asserts his family is under substantial stress which could be ameliorated if he were released from custody. (*Id.* at 9-12).

The government opposes Salim's motion, arguing Salim has not established extraordinary and compelling reasons to justify a reduction or modification of his sentence and that the sentencing factors found in 18 U.S.C. § 3553(a) weigh heavily against his release.  (Doc. No. 78).

## II.    ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration.  While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."  18 U.S.C. § 3582(c)(1).

Salim has complied with the exhaustion requirement, as more than 30 days passed between the date on which he submitted his administrative request and the date on which he filed his motion.

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that

the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)).

The district court also must consider all relevant § 3553(a) factors to determine whether those factors would support a modified or reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020).  "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

I conclude Salim has not established extraordinary and compelling reasons to justify a reduction or modification of his sentence or that a reduced or modified sentence would satisfy the requirements of § 3553(a).

First, Salim fails to show he has a documented medical condition which places him at higher risk of serious complications from Covid-19.  He claims to have one co-morbidity reported by the Centers for Disease Control – asthma – though he acknowledges he has never been diagnosed with that condition.  (Doc. No. 75 at 1-2).  While he asserts he needs to use an inhaler due to his asthma, he concedes he only was prescribed an inhaler once, in 2008, due to symptoms related to bronchitis. (*Id.* at 2; Doc. No. 75-2).  Moreover, while medical imaging in 1998 revealed an abnormality in the periphery of his right lung, Salim provides no documentation to support his assertion that this abnormality has negatively impacted his lung function.  (*See* Doc. No. 75 at 2); (*see also* Doc. No. 75-3).  A court may properly deny a motion for compassionate release where the defendant has not provided medical evidence to establish that the defendant has a medical condition which has been determined to create a greater risk of serious complications from Covid-19.  *See, e.g., Elias*, 984 F.3d at 520-21.

Salim's medical history also fails to support his contention that his health conditions constitute extraordinary and compelling reasons to justify his release.  Salim acknowledges he already

contracted Covid-19, in December 2020, but he does not provide any evidence as to what complications, if any, he suffered.  And, though he contends "it is almost inevitable that he will get re-infected in prison," Salim offers no evidence that his risk of infection is greater than that of any other inmate.

Further, as of August 24, 2021, FCI Cumberland reported zero active Covid-19 cases among inmates and only two among staff members.  *See* www.BOP.gov/coronavirus.  While I have no reason to doubt Salim's concern for his health, a fear of Covid-19 which is common to all inmates does not meet the high bar necessary to establish an extraordinary and compelling reason to modify his sentence.  *See, e.g., United States v. Ramadan*, No. 20-1450, 2020 WL 5758015, at *2 (6th Cir. Sept. 22, 2020).

Finally, while the family circumstances Salim describes, (Doc. No. 75 at 9-13), are arduous and no doubt weight heavily on him, his allegations demonstrate he is not the only available caregiver for his minor children or for his mother and, therefore, do not establish extraordinary and compelling reasons to modify his sentence.  *See, e.g., United States v. Gibson*, 2021 WL 2549682, at *4 (E.D. Mich. June 22, 2021) (citing cases).  Further, the hardships Salim's family are experiencing appear to a result of the fact of his incarceration and not any subsequent or new developments since he was sentenced.

Even if I were to assume Salim could meet his burden of demonstrating there are extraordinary and compelling reasons to support a modification or reduction of his sentence, I conclude he fails to show a modified or reduced sentence would be sufficient in light of the § 3553(a) factors.  I sentenced Salim to 60 months in custody after he pled guilty to knowingly concealing the source and payment of funds to a known terrorist, Anwar Al-Awlaki.  (Doc. No. 49 at 8-10).  Salim's arguments concerning his alleged absence of risk to public safety and low risk of recidivism do not account for the requirements that (a) his sentence account for the nature and

circumstance of his offense of conviction and (b) reflect the seriousness of the offense, promote

respect for the law, and provide just punishment for his offense.  18 U.S.C. § 3553(a)(1)-(2)(A).  I

conclude a reduced or modified sentence would not satisfy these factors and deny Salim's motion on

that basis as well.

### III.   CONCLUSION

For these reasons, I deny Salim's motion to reduce his sentence under 18 U.S.C. §

3582(c)(1)(A).  (Doc. No. 75).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge